Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Gina Bell**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Fountain Hills Assisted Living, LLC**, an Arizona limited liability company; **Skyline Estate Assisted Living, LLC**; an Arizona limited liability company; **Tucson Medical Supply, LLC**; an Arizona limited liability company; **Parkers Adult Care, LLC**; an Arizona limited liability company; **Ayse's Specialized Care**, **LLC**; an Arizona limited liability company; **Andre Lampkins;** and **Ayse Lampkins**, Arizona residents,<br><br>Defendants. | **Case No.**<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201,** *ET SEQ.* |

Plaintiff Gina Bell, individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members are current and former domestic-service workers employed by Defendants and bring this action on behalf of themselves and

Page **1** of **13**

all similarly-situated current and former caregiver and/or home care aid employees who were compensated on an hourly basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

2. Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

3. This is an action for equitable relief, minimum wages, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

4. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Gina Bell resided in the State of Arizona in Pima County.

8. At all material times, Bell was a full-time, non-exempt employee of Defendants from on or around September 2015 until on or around March 2017.

9. At all relevant times during her employment, Bell was employed to perform various tasks, such as household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar service in her capacity as a caregiver and/or home care aid.

10. At all relevant times, Bell was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1) and was a non-exempt employee.

11. Defendant Fountain Hills Assisted Living, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

12. Defendant Fountain Hills Assisted Living, LLC is a third-party employer of home health care workers such as Plaintiff and the Collective Members.

13. Defendant Skyline Estate Assisted Living, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

14. Defendant Skyline Estate Assisted Living, LLC is a third-party employer of home health care workers such as Plaintiff and the Collective Members.

15. Defendant Tucson Medical Supply, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

16. Defendant Tucson Medical Supply, LLC is a third-party employer of home health care workers such as Plaintiff and the Collective Members.

17. Defendant Parkers Adult Care, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

18. Defendant Parkers Adult Care, LLC is a third-party employer of home health care workers such as Plaintiff and the Collective Members.

19. Defendant Ayse's Specialized Care, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

20. Defendant Ayse's Specialized Care, LLC is a third-party employer of home health care workers such as Plaintiff and the Collective Members.

21. Defendants Andre Lampkins and Ayse Lampkins are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable.

22. Andre Lampkins is an owner of the previously identified corporate entities and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

23. Ayse Lampkins is an owner of the previously identified corporate entities and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

24. Defendants Andre Lampkins and Ayse Lampkins had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with

Defendants. As persons who acted in the interest of Defendants' corporate entities in relation to their employees, Andre Lampkins and Ayse Lampkins are subject to individual liability under the FLSA.

25. Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose.

26. Defendants operate a chain of assisted living facilities that provide services to elderly people or people with illnesses, injuries, or disabilities. Defendants operate each location almost identically and their customers can expect the same kind of service regardless of the location. Defendants share employees, have common management, pool their resources, operate from the same headquarters, and have common ownership. Defendants provide the same services to its customers by using a set formula when conducting its business. Part of that set formula is the wage violation alleged in this Complaint. These facts represent a classic example of "corporate fragmentation."

27. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

28. Defendants, and each of them, are sued in both the individual and corporate capacities.

29. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

30. Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff Bell brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals worked as caregivers and/or home care aids (or in a position with similar job titles or job duties) for Defendants. The proposed collective class for the FLSA claim is defined as follows:

> **All persons who worked as caregivers and/or home care aides (or in other positions with similar job titles or job duties) for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment (the "Collective Members").**

32. Plaintiff has given her written consent to be a party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

33. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work. Plaintiff's claims stated herein are essentially the same as those of

the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

34. Defendants paid Plaintiff a salary or fixed amount and classified her as an exempt employee.

35. Defendants improperly classified Plaintiff and the Collective Members as exempt from the FLSA's overtime pay requirements.

36. Plaintiff and the Collective Members routinely worked over forty (40) hours in a workweek and were not compensated by Defendants with overtime pay for the hours they worked over forty in a workweek.

37. For example, Plaintiff regularly worked at least two 24-hour shifts per week, in addition to a separate 12-hour shift, and was not paid an overtime premium for the hours she worked over forty in the workweek.

38. Defendants are aware that Plaintiff and, upon information and belief, those similarly situated work(ed) under these conditions, and yet Defendants still denied them overtime compensation.

39. The Collective Members perform or have performed the same or similar work as the Plaintiff.

40. The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

41. The Collective Members are not exempt from receiving overtime pay.

42. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

43. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

44. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

45. All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

46. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

47. Defendants uniformly misrepresented to Plaintiff and other caregivers and/or home care aides that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and other similarly situated employees are, and were, non-exempt employees who are, and were, entitled to overtime pay.

48. Defendants failed to make, keep, and preserve records of hours worked by Plaintiff and other caregivers and/or home care aides.

49. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and all other caregivers and/or home care aides.

50. Notice of this action should be sent to all similarly situated caregivers and/or home care aides.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

51. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF BELL**

52. On or around September 2015, Bell began employment with Defendants as a caregiver and/or home care aide, performing various tasks, such as household work related to the care of the aged or infirm person, including but not limited to, meal preparation, bed making, washing of clothes, and other similar service.

53. Plaintiff did not have supervisory authority over any employees.

54. Plaintiff did not possess the authority to hire or fire employees.

55. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employees.

56. Plaintiff did not direct the work of two or more employees.

57. Plaintiff did not exercise discretion and independent judgment with respect to matter of significance.

58. Plaintiff was not a manager.

59. Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise.

60. Plaintiff routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week.

61. Specifically, during her employment, Plaintiff routinely worked in excess of 40 hours per week and was not paid the premium one-and-one-half times her regular rate as required under the FLSA for hours worked over 40 in a workweek. For example, Plaintiff regularly worked at least two 24-hour shifts per week, in addition to a separate 12-hour shift, and was not paid an overtime premium for the hours she worked over forty in the workweek.

62. Defendants uniformly misrepresented to Plaintiff that she was an exempt employee and therefore ineligible to receive overtime pay.

63. For example, during workweek of August 8, 2016, Plaintiff Bell worked approximately 96 hours without being compensated the FLSA required one-and-one-half times premium for all hours worked in excess of forty in a workweek.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE AND/OR REFUSAL TO PAY OVERTIME

64. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

65. Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

66. While employed by Defendants, Plaintiff and the Collective Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for such time.

67. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

68. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

69. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

70. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

71. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

72. As a result of Defendants failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

  ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED May 11, 2017.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Michael Zoldan
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiffs

Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Gina Bell**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Fountain Hills Assisted Living, LLC**, an Arizona limited liability company; **Skyline Estate Assisted Living, LLC**; an Arizona limited liability company; **Tucson Medical Supply, LLC**; an Arizona limited liability company; **Parkers Adult Care, LLC**; an Arizona limited liability company; **Ayse's Specialized Care, LLC**; an Arizona limited liability company; **Andre Lampkins**; and **Ayse Lampkins**, Arizona residents,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF GINA BELL'S CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF** |

I, Gina Bell, do hereby consent to be a party plaintiff to the above-entitled action. I have read the complaint to be filed in the United States District Court for the District of Arizona, Phoenix Division, and authorize my attorneys, Zoldan Law Group PLLC to file the complaint on my behalf and for other employees similarly situated.

_____     Date 5/8/2017
Gina Bell

Page 1 of 1