**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Bell, | No. CV-17-00217-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Fountain Hills Assisted Living LLC, et al., | |
| Defendants. | |

On July 31, 2018, the Court notified the Defendants that a Motion for Summary Judgment (Doc. 38) had been filed and that failing to file a Response by August 24, 2018, without showing good cause for such failure, would result in the summary granting of the motion and judgment for Plaintiff. The Defendants have not filed a Response.

Under Rule 1.10(i) of this Court's Local Rules of Practice, a failure to file a responsive pleading may be deemed consent to the motion and this Court may dispose of the motion summarily. "A motion for summary judgment cannot be granted simply because the opposing party violated a local rule." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (citing *Henry v. Gill Industries Inc.,* 983 F.2d 943, 950 (9th Cir. 1993). This is so because a party may oppose a motion for summary judgment without offering affidavits or any other materials in support of its opposition. "'Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.'" *Id.* at 106 (quoting *Henry*, 983 F.2d at 950).

Here the Court has reviewed the Complaint and considered the merits of the motion and the case. In light of these considerations, the Court finds that summarily granting the motion is warranted, pursuant to Rule 1.10(i).

The Court adopts the findings of fact and conclusions of law as set out in the Motion for Summary Judgment and summarily grants the Motion for Summary Judgment on the merits. The Court adopts the Findings of Fact (Doc. 39), including exhibits, which reflect an employer-employee relationship between Gina Bell and Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219. Defendants operate adult care living facilities, which are enterprises engaged in commerce having annual revenue of $500,000 or greater. Plaintiff worked 60 hours per week at $15.00 an hour from September 1, 2015 through February 7, 2016. She was not paid for overtime arising from this employment in the amount of: $33,142.50. The non-payment was willful, and Plaintiff is therefore entitled to double damages, pursuant to § 216 of the FLSA as liquidated damages, for a total damage award of: $66,285.00.

**Accordingly,**

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 38) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment for Plaintiff in the amount of $66,285.00.

Dated this 15th day of October, 2018.

_____
Honorable David C. Bury
United States District Judge